UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST CALVINO JR.,

                Plaintiff,

-against-

THE AFRICANS,

                Defendant.

20-CV-0465 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated January 22, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, using the Court's general complaint form, brings this action invoking the Court's federal question jurisdiction. He claims that the federal constitutional or statutory basis for this action is "scam, obstruction of legal, constitutional right." (ECF No. 2, 2.) Plaintiff asserts the following facts, verbatim:

> This people claim to be helping me. I never ask for there help. They had got in to the courts of justice claim to help me without permission. Who are this Africans. I don't exacly know but most probably are conspiares of the court scam, conspiares of the obstruction of justice, legal, constitutional right, conspirares of the explotation, torture the Africans i know by nick name is Hilton the supeviser of the Bronx work the case manager Lili who are the other Africans, I don't know but theres are probably scamer like I said above.

(*Id*. at 5 ¶ III.)

## DISCUSSION

Since December 17, 2019, Plaintiff has filed numerous frivolous actions in this Court. He continued to file frivolous complaints even after the Court warned him that further vexatious or frivolous litigation in this Court will result in an order barring him from filing new actions IFP unless he receives prior permission. *See, e.g., Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019). On January 10, 2020, the Court directed Plaintiff to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from the Court to file his complaint. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (S.D.N.Y. Jan. 10, 2020).

Plaintiff filed this action after the Court directed him to show cause why he should not be barred. Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. This action is a continuation of Plaintiff's pattern of frivolous and vexatious litigation.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 23, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge